UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JAN 08 2010
U.S.D.C.
WP

|  |  |
|---|---|
| JEFFREY POLSKY<br>POB 7340 FDR Station<br>New York, NY 10150-7340,<br><br>    *on behalf of himself and on behalf*<br>    *of all other similarly situated,*<br><br>                      *Plaintiffs,*<br><br>v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT<br>(DEUTSCHE BANK CORPORATION), and<br>DEUTSCHE BANK SECURITIES, INC.<br>60 Wall Street<br>New York, NY 10005,<br><br>                      *Defendant.* | Civil Action No. 10 CV 00140<br><br>JUDGE KOELTL |

### REPRESENTATIVE ACTION AND CLASS ACTION CIVIL COMPLAINT
### FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiff Jeffrey Polsky, on behalf of himself and on behalf of all other similarly situated employees, by and through counsel, and file this Class Action and Representative Action Civil Complaint for Equitable and Monetary Relief and Demand for Jury Trial against the Deutsche Bank Defendants.

### Introduction

1. This is a Civil Class Action and Representative Action brought by the named Plaintiff Jeffrey Polsky ("Plaintiff"), on behalf of himself and the other similarly situated employees and/or former employees ("the other similarly situated employees") who may participate as permitted under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b) against the Deutsche Bank Defendants, all of whom operate a principal place of business in New York.

1

2. Plaintiff asserts that Defendant is liable to the Plaintiff and other similarly situated employees for violations of: the Fair Labor Standards Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29, U.S.C. §§ 201-19 ("FLSA"), the New York Wage and Hour Laws, Labor Law, art 6, § 198 et seq., and New York common law on the basis of quantum meruit.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over the claims presented pursuant to the FLSA, a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said Act, as amended (29 U.S.C. § 216(b)).

4. The New York statutory and common law claims set forth herein are so related to and intertwined with the Plaintiff's claims under the FLSA that they form a part of the same case and controversy. Therefore, this Court has supplemental jurisdiction over the New York state and common law claims presented in the first, second and fourth causes of action pursuant to 28 U.S.C. § 1367(a).

5. Venue in this district and in this division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c), because Defendant conduct business in this judicial district and in this division.

### Parties

6. Plaintiff Jeffrey Polsky is domiciled in the State of New York and is a resident of the borough of Queens.

7. Deutsche Bank Aktiengesellschaft (Deutsche Bank Corporation), and Deutsche Bank Securities, Inc. (collectively referred to as "Defendant") are New York for-profit corporations that have their principal place of business in the State of New York, employ ten (10) or more persons, and is subject to the personal jurisdiction of this Court and the Courts of the State of New York.

2

8. In addition to Plaintiffs, Defendant has employed or do employ other similarly situated employees; that is, these persons are or were employed by Defendant as part of their workforce in New York, and are or were Defendant's employees as the term is defined by FLSA and New York statutory and common law.

9. Upon information and belief, there are at least one hundred and fifty (150) similarly situated other persons who are or were employed by Defendant as part of their workforce in New York and during the period from on or about October 1, 2001, to on or about December 31, 2009, and are or were Defendant's employees as that term is defined by FLSA and New York statutory and common law.

## Factual Allegations

10. Defendant is a for-profit business incorporated in the State of New York and have gross revenue in excess of $1,000,000,000 per annum, employ ten (10) or more persons, and are employers subject to the jurisdiction of the FLSA and New York Wage and Hour Laws.

11. Jeffrey Polsky has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Jeffrey Polsky's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 1.)

12. Defendant willfully and intentionally failed to pay Plaintiffs and the other similarly situated employees the full value of wages they earned while employed by Defendant.

13. Plaintiff and other similarly situated employees were employed as contracted employees of Defendant; or, as Defendant refers to them, as "long-term temps."

14. Regardless, Defendant was their employer.

15. Defendant had the authority to hire and fire Plaintiff and other similarly situated employees.

16. The contract placement firm(s), which originally liaised between Plaintiff and Defendant, took absolute direction from and unequivocally followed the instructions of Defendant in matters regarding the compensation, hiring, and firing of employees placed with Defendant.

17. Defendant had absolute control over both the Plaintiff's work schedule and their work conditions.

18. Defendant had absolute authority to determine both the rate and method of Plaintiff's payment.

19. Defendant provided Plaintiff with health insurance, life insurance, and dental insurance.

20. Defendant set the holiday schedule which the Plaintiff abided by.

21. Defendant determined the amount of, provided for, and ultimately compensated the Plaintiff with vacation and sick leave/pay.

22. Plaintiff's paychecks were either written directly by Defendant to Plaintiff from Defendant's operating account or direct-deposited in Plaintiff's bank account from Defendant's operating account.

23. Upon the commencement of their employment with Defendant, Plaintiff and other similarly situated employees were compensated on an hourly basis and were designated as non-exempt employees.

24. Plaintiff's and other similarly situated employees' primary duties did not include exercising discretion and independent judgment with respect to matters of significance.

25. Plaintiff's and other similarly situated employees' primary duties were related to the general business operations of Defendant, they applied well-defined rules developed by the Defendant, they followed and took direction from the Defendant, and when matters that required

4

judgment or discretion to be employed, Plaintiff sought additional direction from their supervisor(s) – the Defendant.

26. As non-exempt employees, Plaintiff and other similarly situated employees were eligible to receive and, in fact, did receive compensation for overtime; hours worked in excess of forty (40) hours per week.

27. However, in an around October of 2001, Defendant made a sweeping change to the manner in which the Plaintiffs were compensated and categorized.

28. In an around October of 2001, Defendant summarily declared Plaintiff to be an exempt employee, thereby stripping them of both his hourly salaries and eligibility for overtime compensation.

29. Plaintiff's duties in no way changed, enhanced, or expanded to include new duties or responsibilities, nor was Plaintiff given new authority which enabled them to exercise discretion and independent judgment with respect to matters of significance.

30. Defendant characterized this change as a cost cutting measure.

31. After October of 2001, Plaintiff was categorized as an exempt employee by Defendant and were compensated at a daily rate fully determined and enforced by the Defendant.

32. Prior to October, 2001, Plaintiff regularly worked hours in excess of forty (40) hours per week and were compensated at a rate of time and a half their hourly rate for any of those hours.

33. However, after October 2001, not only was Plaintiff and other similarly situated employees wrongfully, willfully, and illegally not compensated for any hours in excess of forty worked, but they also were instructed by Defendant to not record those hours worked in excess of forty on their time cards.

34. In essence, not only were Plaintiff and other similarly situated employees illegally under-compensated for their work, but they were also forced to record their hours falsely at the instruction of Defendant.

35. Plaintiff and the other similarly situated employees continue(d) to work hours in excess of forty (40) hours per week after October, 2001, but have not been compensated for any of those hours.

36. Defendant was aware that Plaintiff and the other similarly situated employees regularly worked in excess of forty (40) hours per calendar week.

37. Additionally, Plaintiff and the other similarly situated employees did, or, if currently still employed by Defendant, did and still do, perform their duties adequately in the service of Defendant.

38. Plaintiff and the other similarly situated employees in no way ever waived their rights to receive compensation from Defendant for work they had performed.

39. Defendant violated willfully and intentionally violated the FLSA and the New York Wage and Hour Laws by failing to pay Plaintiff and the other similarly situated employees any overtime compensation after October, 2001.

40. Additionally, Defendant employed Plaintiff and the other similarly situated employees and were required under the FLSA and the New York Wage and Hour Laws to compensate Plaintiff and the other similarly situated employees for their work at an hourly compensation rate and at time-and-a-half for any and all overtime hours worked.

41. Plaintiff's and the other similarly situated employees' primary duties and responsibilities did not allow them to exercise real and/or substantial discretion in their work, and thus they were not bona fide professional, executive or administrative employees exempt

from the overtime and record-keeping provisions of the FLSA and the New York Wage and Hour Laws.

42. Because Plaintiff and the other similarly situated employees are non-exempt under both the FLSA and the New York Wage and Hour Laws, Defendant were required by the FLSA and the NYWHL to pay them time-and-a-half- for all work performed in excess of forty (40) hours per week.

43. At all times relevant to this complaint, Defendant willfully and intentionally failed to pay overtime compensation to Plaintiff and the other similarly situated employees at a rate of time-and-a-half for any time worked beyond forty (40) hours per calendar week.

44. Plaintiff and the other similarly situated employees conferred a benefit upon Defendant by working for Defendant.

45. Defendant had an appreciation and/or knowledge of the benefits being conferred upon them by Plaintiff and the other similarly situated employees, and Defendant were aware that Plaintiff and the other similarly situated employees expected to be compensated with wages for their work on Defendant' behalf.

46. Defendant accepted or retained benefits conferred on them by Plaintiff and the other similarly situated employees under circumstances that would make it inequitable for Defendant to retain those benefits without compensating Plaintiff and the other similarly situated employees for the value of their services.

### New York Wage & Hour Laws Class Action Allegations

47. Plaintiff and the other similarly situated employees performed all their duties during the period from on or about October, 2001 until the time of their termination, or currently are doing so, and thus under the NYWHL, subject to each Plaintiff's running statute of limitation restrictions, their right to compensation vested at that time.

48.     Despite Plaintiff and the other similarly situated employees completing their duties, Defendant failed to pay Plaintiff and the other similarly situated employees the compensation to which they were and are entitled.

49.     Despite Plaintiff and the other similarly situated employees regularly completing over forty (40) hours of labor for the Defendant in any given week, Defendant failed and/or refused to pay Plaintiff and the other similarly situated employees the overtime compensation to which they were and are entitled.

50.     When Plaintiff and the other similarly situated employees worked for Defendant, they did not hold positions that fell within the statutory exemptions for bona fide executive, administrative, or professional employees, as these terms are defined under the NYWHL, and were therefore entitled to overtime pay per.

51.     In addition to Plaintiff, there are numerous other persons employed by Defendant who are similarly situated to Plaintiff in that such similarly situated persons, like Plaintiff, performed work for Defendant for which Defendant failed to pay wages. Upon information and belief, the number of such persons exceeds one hundred and fifty (150)

52.     The persons similarly situated to Plaintiff and described in the preceding paragraph constitute a class of persons that is so numerous that joinder of all such persons individually is impractical.

53.     There are questions of law and fact common to the putative class which predominate over any questions affecting only individual members, which include, but are not limited to, the following:

        a. The amount of overtime wages due and owing by the Defendant to Plaintiff and the other similarly situated employees pursuant to NYWHL.

      b. Whether Defendant had an appreciation or knowledge of the benefits being conferred by the Plaintiff and the other similarly situated employees, and whether the Defendant' retention of overtime wages due and owing to Plaintiff and the other similarly situated employees made it inequitable for Defendant to have received the benefits without paying for their value.

      c. Whether Plaintiff and the other similarly situated employees are entitled to the declaratory relief prayed for below;

      d. The proper measure of their damages; and

      e. Whether Plaintiff and the other similarly situated employees are entitled to injunctive relief and the nature of such relief.

54. The claims of Plaintiff are typical of the claims of the above described class, in that the interests of the Plaintiff are co-extensive with the interests of the other members of the putative class, there is a lack of adverse interests between Plaintiff and the other members of the putative class, and common questions exist.

55. Plaintiff will fairly and adequately protect the interests of said class.

56. A class action is superior to other available methods for the fair and efficient adjudication of the class claims under the New York Wage and Hour Laws, and in *quantum meruit*.

57. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the first and fourth causes of action should proceed as class actions in respect to the unpaid overtime wages owed to Plaintiff and the putative class members.

58. The exact amounts owed to Plaintiff and the putative class members is unknown but will be determined and stated after a review of the Defendant' records and/or upon the trial of this matter.

## FLSA Representative Action Allegations

59.     Plaintiff and the other similarly situated employees were entitled to overtime compensation from Defendant pursuant to the FLSA.

60.     Despite Plaintiff and the other similarly situated employees regularly completing over forty (40) hours of labor for the Defendant in any given week, Defendant failed and/or refused to pay Plaintiff and the other similarly situated employees overtime compensation to which they were and are entitled.

61.     When Plaintiff and the other similarly situated employees worked for Defendant, they did not hold positions that fell within the statutory exemptions for bona fide executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA.

62.     Plaintiff bring this representative action on behalf of themselves and all other similarly situated employees. The cohort of similarly situated employees which Plaintiffs seek to represent is defined as follows:

> **All present and former non-exempt employees of Defendant employed in New York who are entitled to be compensated with overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201,** *et seq.*, **and who were caused to sustain damages when they were not paid the overtime wages that were legally due and owing to them from and by Defendant.**

63.     The precise number of similarly situated employees and their addresses are unknown to Plaintiffs but are believed to exceed one hundred and fifty (150).

64.     The similarly situated employees may be identified from Defendant' records and may be notified of the pendency of this representative action by mail, supplemented, if deemed necessary, by published notice.

65.     There is a well-defined community of interest in the questions of law and fact

10

involved in this case which affect Plaintiff and the other similarly situated employees. Questions of law and fact in common include, but are not limited to, the following:

   a. The amount of overtime wages due and owing by the Defendant to Plaintiff and the other similarly situated employees pursuant to FLSA;

   b. Whether Defendant are unjustly enriched by refusing and failing to pay Plaintiff and the other similarly situated employees all that is legally due and owing to them pursuant to the FLSA;

   c. Whether Plaintiff and the other similarly situated employees are entitled to the declaratory relief prayed for below;

   d. The proper measure of their damages; and

   e. Whether Plaintiff and the other similarly situated employees are entitled to injunctive relief and the nature of such relief.

66. Plaintiff adequately represent the similarly situated employees because Plaintiffs will fairly and adequately protect their interest. Plaintiff's interests do not conflict with the interests of the similarly situated employees whom Plaintiffs seek to represent. Plaintiff are committed to the vigorous prosecution of this action and have retained competent counsel experienced in employment litigation.

67. The interests of the similarly situated employees will be fairly and adequately protected by Plaintiff and their counsel, and this action may be maintained as a representative action because Defendant have acted or refused to act on grounds generally applicable to Plaintiff and the other similarly situated employees, thereby making appropriate final and injunctive relief or corresponding declaratory relief with respect to the similarly situated employees.

**COUNT I**

**Fair Labor Standards Act of 1938 (FLSA)**
**29 U.S.C. § 201, *et seq.***
**(Failure to Pay Minimum Wages and Overtime)**
**(As to the Named Plaintiffs and All Similarly Situated Hourly Wage Earners)**
**(As Against All Defendant, jointly and severally)**

68. Plaintiff hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

69. Defendant willfully and/or intentionally failed and/or refused to pay to the Plaintiffs and the other similarly situated employees the minimum wages and overtime wages due and owed under the FLSA for the period from on or about October 1, 2001, through on or about December 31, 2009, and may continue to be doing so to similarly situated employees until today.

70. Defendant's actions were taken with willful disregard for the rights of Plaintiff and other similarly situated employees under the FLSA.

71. As a result of Defendant' unlawful conduct, Plaintiff and the other similarly situated employees suffered a loss of wages.

72. Plaintiff and the other similarly situated employees are owed unpaid minimum wages and overtime wages by Defendant as allowed under 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon review of Defendant' records and/or at the trial of this action.

73. The number of similarly situated employees, and the names of such persons, is unknown, but such persons, upon information and belief, number one hundred and fifty (150) or more, and such persons, who will be identified once discovery is had in this case upon the review of Defendant' records and upon such identification will file written consents to joinder with this Court pursuant to 29 U.S.C. § 216(b), are owed unpaid minimum wages and overtime wages

from Defendant pursuant to 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon a review of Defendant' records and/or at the trial of this action.

74. For violations of the FLSA, 29 U.S.C. § 216(b) allows Plaintiff and the other similarly situated employees to recover from Defendant, in addition to any judgment awarded, an additional equal amount as liquidated damages as well as interest on the monies due and owing.

75. 29 U.S.C. § 216(b) further provides that Plaintiff and the other similarly situated employees may receive, without limitation, employment, reinstatement, promotion, the costs of this action, as well as a reasonable attorneys' fee to be paid by Defendant.

76. Wherefore, Plaintiff, on behalf of himself and the other similarly situated employees on this first cause of action, seek judgment against Defendant, together with an award of interest and costs.

## COUNT II
### New York Wage and Hour Laws
### NY Code, Labor, art 6, § 198, *et seq.*
### (Failure to Pay Wages Earned)
### (As to the Named Plaintiffs and All Similarly Situated Hourly Wage Earners)
### (As Against All Defendants, jointly and severally)

77. Plaintiff hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

78. Plaintiff and the other similarly situated employees are or were "employees" and Defendant are "employers" as those terms are defined in the New York Wage and Hour Laws.

79. Under the New York law, employee is defined as any person employed for hire by an employer in any employment. Labor, art 6, § 190, *et seq.*

80. Under the New York law, employer is defined as including any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service. Labor, art 6, § 190, *et seq.*

81. Despite Plaintiff and the other similarly situated employees completing everything required of them to earn wages during the period from on or about October 1, 2001, through on or about December 31, 2009, and continuing forward, Defendant failed to pay Plaintiff and the other similarly situated employees the wages they earned.

82. Because Defendant failed to compensate Plaintiff and the other similarly situated employees for the full amount of compensation for the hours which they worked on Defendant' behalf during the period from on or about October 1, 2001, through on or about December 31, 2009, Defendant wrongfully withheld their wages in violation of the New York Wage and Hour Laws.

83. As the direct and proximate result of Defendant' willful and intentional violation of New York Wage and Hour Laws, Plaintiff and the other similarly situated employees were caused to suffer damages.

84. In addition to Plaintiff, there are numerous other persons employed by Defendant who are similarly situated to Plaintiff in that such similarly situated persons, like Plaintiff, completed everything required of them to earn wages from the Defendant during the period from on or about October 1, 2001, through on or about December 31, 2009, and upon information and belief the number of such persons exceeds one hundred and fifty (150).

85. The other similarly situated employees described in the preceding paragraph constitute a class of persons that is so numerous that joinder of all such persons individually is impractical.

86. There are questions of law and fact common to the putative class which predominate over any questions affecting only individual members, specifically whether they are entitled to damages as a result of the benefits, *i.e.* their uncompensated labor, conferred upon Defendant by Plaintiff and the other similarly situated employees, the appreciation or knowledge

of the benefits by the Defendant, and the retention of overtime wages due and owing to Plaintiffs and the other similarly situated employees by Defendant in circumstances that make it inequitable for Defendant to have received the benefits without paying for their value.

87. Plaintiff's claims are typical of the claims of the above described class, in that Plaintiff's interests are co-extensive with the interests of the other members of the putative class, there is a lack of adverse interests between Plaintiff and the other members of the putative class, and common questions exist.

88. Plaintiff will fairly and adequately protect the interests of said class.

89. A class action is superior to other available methods for the fair and efficient adjudication of the class claims for breach of contract.

90. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this first cause of action should proceed as a class action in respect to the unpaid overtime wages owed to Plaintiff and the putative class members.

91. The exact amounts owed to Plaintiff and the putative class members is unknown but will be determined and stated after a review of the Defendant' records and/or upon the trial of this matter.

92. Wherefore, Plaintiff, on behalf of themselves and the within described class of other persons similarly situated on this second cause of action, seek a judgment against Defendant, together with an award of interest and costs.

93. For violations of the New York Wage and Hour Laws, Labor, art 6, § 198, *et seq.*, Plaintiff and the other similarly situated employees may recover from Defendant, in addition to any judgment awarded, their reasonable attorneys' fees and costs or fees of any nature, as well as treble damages.

94. Wherefore, Plaintiff, on behalf of themselves and the described class of similarly situated employees on this second cause of action, seek judgment against Defendant, together with an award of interest and costs.

**COUNT III**
*Quantum Meruit*
**New York Common Law**
**(As To the Named Plaintiffs and All Similarly Situated Hourly Wage Earners)**
**(As Against All Defendants, jointly and severally)**

95. Plaintiff hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

96. At all times relevant to this complaint, Plaintiff and the other similarly situated employees were employees of Defendant.

97. Defendant had a statutory obligation to compensate Plaintiff and the other similarly situated employees with overtime wages for the overtime hours Plaintiff and the other similarly situated employees worked for Defendant.

98. Plaintiff and the other similarly situated employees conferred benefits upon Defendant by working overtime hours on Defendant' behalf.

99. Defendant had an appreciation or knowledge of the benefits being conferred upon them by Plaintiff and the other similarly situated employees.

100. Despite the foregoing, Defendant retained the overtime wages due and owing to Plaintiff and the other similarly situated employees in circumstances that make it inequitable for Defendant to have received the benefits without paying for their value.

101. In addition to Plaintiff, there are numerous other persons employed by Defendant who are similarly situated to Plaintiff in that such similarly situated persons, like Plaintiff, performed substantial overtime work, labor and services for Defendant for which such persons

did not receive the compensation, and upon information and belief the number of such persons exceeds one hundred and fifty (150).

102. The persons similarly situated to Plaintiff and described in the preceding paragraph constitute a class of persons that is so numerous that joinder of all such persons individually is impractical.

103. There are questions of law and fact common to the putative class which predominate over any questions affecting only individual members, specifically whether they are entitled to damages in *quantum meruit* as a result of the benefits, *i.e.* their uncompensated overtime labor, conferred upon Defendant by Plaintiff and all persons similarly situated, the appreciation or knowledge of the benefits by the Defendant, and the retention of overtime wages due and owing to Plaintiff and all persons similarly situated by Defendant in circumstances that make it inequitable for Defendant to have received the benefits without paying for their value.

104. Plaintiff's claims are typical of the claims of the above described class, in that Plaintiff's interests are co-extensive with the interests of the other members of the putative class, there is a lack of adverse interests between Plaintiff and the other members of the putative class, and common questions exist.

105. Plaintiff will fairly and adequately protect the interests of said class.

106. A class action is superior to other available methods for the fair and efficient adjudication of the class claims for breach of contract.

107. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this fourth cause of action should proceed as a class action in respect to the unpaid overtime wages owed to Plaintiff and the putative class members.

108.  The exact amounts owed to Plaintiff and the putative class members is unknown but will be determined and stated after a review of the Defendant' records and/or upon the trial of this matter.

109.  Wherefore, Plaintiff, on behalf of themselves and the described class of similarly situated employees on this fourth cause of action, seek judgment against Defendant in *quantum meruit*, together with an award of interest and costs.

### **Prayer for Relief**

WHEREFORE, Plaintiff prays this Honorable Court for the following relief:

A.  Certification of the proposed Plaintiff's FLSA class and designation of Plaintiff as class representative and appointment of their counsel as counsel of record for the class;

B.  Certification of the proposed Plaintiff's New York Wage and Hour Laws class and designation of Plaintiff as class representative and appointment of their counsel as counsel of record for the class;

C.  Certification of the proposed Plaintiff's *quantum meriut* class and designation of Plaintiff as class representative and appointment of their counsel as counsel of record for the class;

D.  A preliminary and permanent injunction against Defendant and their directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, improper activities and practices, policies, customs and usages set forth herein;

E. An order awarding declaratory relief as requested herein and as the Court deems appropriate;

F. An order awarding restitution and/or disgorgement of profits;

G. Judgment against Defendant in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial;

H. Pre-judgment interest;

I. Employment, reinstatement, promotion, frontpay, or other equitable relief;

J. Interest due on unpaid wages;

K. Compensatory damages;

L. A reasonable attorney's fee and the costs of this action; and

M. Any other relief this Honorable Court deems just and proper to award.

### Demand for Jury Trial

Plaintiff demands a trial by jury for any and all issues proper to be so tried.

*Jeffrey Polsky on behalf of himself and on behalf of all other similarly situated employees and/or former employees of Defendant,*

Max Di Fabio, SDNY Bar No. MD 3268
McNerney & DiFabio, LLP
75 South Broadway, Suite 4-54195
White Plains, NY 10601
914-235-2790
914-235-1397 Facsimile

_____
David L. Scher, NY Bar No. 2593036
R. Scott Oswald, D. *pro hac vice forthcoming*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, DC 20006
(202) 261-2806
(202) 261-2835 (facsimile)
dscher@employmentlawgroup.com
soswald@employmentlawgroup.com

*Counsel for Plaintiffs*